UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARK VOLPE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CARIBBEAN CRUISE LINE INC. and JOHN DOES 1-10, | ) ) ) ) |
| Defendants, | ) |

**CLASS ACTION COMPLAINT**

Plaintiff, Mark Volpe, through his attorneys Christopher V. Langone and Mark T. Lavery, brings this Class Action Complaint against Defendant Caribbean Cruise Line Inc. and John Does 1-10 based upon Defendants' unlawful "text message" marketing practices in violation of the Federal Telephone Consumer Protection Act (TCPA), the Illinois Prizes and Gifts Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his own attorneys.

**Parties**

1. Plaintiff Mark Volpe is citizen of the state of Illinois.

2. Defendant Caribbean Cruise Line Inc. is a corporation with a principal place of business in Florida based in Fort Lauderdale.

3. John Does 1-10 are other Defendants involved in "making" or causing the SMS calls at issue.

## Jurisdiction and Venue

4. This court has federal question jurisdiction pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). This Court has personal jurisdiction over the Defendants because they conduct business in Illinois and the unlawful conduct alleged in the Complaint occurred in and was directed to Illinois.

5. Venue is proper in this District under 28 U.S.C. § 1391(a) as the injury arose in this District. Venue is additionally proper because Defendants transact significant business in this District, including soliciting consumer business, and entering into consumer transactions.

## Facts

6. Caribbean Cruise Line (CCL) is a vacation cruise telemarketing company

7. CCL operates a telephone sales floor in Fort Lauderdale, Florida.

8. On a CCL "Jobbing Video", Maria Gonzalez, Human Resource Director for CCL explains, "Here at Caribbean Cruise Line we offer exciting vacation options to our customers that go hand in hand with our beautiful ship to the Bahamas."

9. CCL sales agents take inbound calls and also handle outbound calls made using a predictive dialer.

10. A recent job posting for CCL on broward.jobing.com states, "We're Hiring! Caribbean Cruise Line is seeking experienced Sales Agents. Outbound calls (predictive dialer) to clients who filled out a form to win a free cruise."

11. Another job posting on broward.jobing.com stated, "Caribbean Cruise Line seeks inbound/outbound reservation sales agents to give away FREE cruises!! We are the nation's

leading 2 night cruise & the #1 provider of cruise ship tourism to the Bahamas."

12. This job posting reveals the essence of the CCL telemarketing pitch.

13. CCL represents to consumers that they have become eligible through a variety of guises that they are entitled to a "free" cruise.

14. One type of telemarketing guise used by CCL is by making robocalls requesting to conduct political surveys but this is actually just a sham intended to get CCL's "foot in the door to sell ocean cruises to the calls' recipients." See *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 U.S. Dist. LEXIS 182536, *2 (N.D. Ill. 12-cv-4069 J. Kennelly).

15. Areyh Goretsky, a Researcher for ESET, an IT Security Company, has chronicled how CCL telemarketing agents use a uniform sales script that reveals that the cruise is not free. See Exhibit A.

16. Consumer Protection Chief Doug Walsh of the Washington State Attorney General's Office has described the activities by CCL saying, "A 'free' cruise, which isn't really free, will send you sailing on a sea of frustration. Add the patent illegality of commercial robo-calling and misrepresentations that it's a political poll, and you know you won't be joining Gopher or Capt. Stubing on the Love Boat. But you might be sailing on the Titanic Scam-Liner to fmancial doom."

17. This case is about a different type of guise used by CCL. This guise involves false representations about a prize offer "draw" sent via SMS text messages.

18. On January 30, 2013 at 9:23, Defendants made a call in the form of an SMS text message to Plaintiff's cell phone in Illinois sent from number 1-229-444-2729. The text message

stated, "Valentine's day draw, your 847-571-**** has been drawn to win a FREE Bahama's trip for two just call: 1-800-631-5049 winning code:LOVE". (Plaintiff's full number redacted)

19. On February 1, 2013, Plaintiff learned when he called that the number 1-800-631-5049 was a number leading to the inbound Caribbean Cruise Line call center and that the cruise was not "free" rather he would have to pay "port charges" for the Bahamas Celebration cruise as part of in the uniform telemarketing script used by CCL.

20. Plaintiff was not the only person who received this message. Numerous persons on the Internet on 800notes.com and telemarketercallerid.com reported that they received similar messages on and around January 30, 2013.

21. Defendants caused damages to Plaintiff and Class and Sub-Class members through their illegal and unfair cruise marketing efforts.

Class Allegations

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class and Subclass:

TCPA Class: Plaintiff brings this action on behalf of himself and a Class of similarly situated individuals, defined as all consumers received a message similar to "Valentine's day draw, your ***-***-**** has been drawn to win a FREE Bahama's trip for two just call: 1-800-631-5049 winning code:LOVE"

Illinois SubClass: Plaintiff brings this action on behalf of himself and a SubClass of similarly situated individuals, defined as all Illinois consumers who received the message similar to Plaintiff.

23. The following people are excluded from the Class and SubClasses: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; and (3) persons who properly execute and file a timely request for exclusion from the class.

24. Numerosity: The exact number of the members of the Class is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable based upon numerous complaints on the Internet.

25. Typicality: Plaintiffs' claims are typical of the claims of other members of the Classes, as Plaintiffs and other members sustained damages arising out of the wrongful conduct of Defendant, based upon the same transactions which were made uniformly to Plaintiff and other members of the public.

26. Adequate Representation: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Class and SubClasses, and Defendants has no defenses unique to Plaintiffs.

27. Predominance and Superiority: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class and SubClasses will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants. It would be virtually impossible for the individual members

of the Class and SubClasses to obtain effective relief from the misconduct of Defendant. Even if members of the Class and SubClasses themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

28. Commonality: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to the following:

(a) Whether Defendants' violated the TCPA (47 U.S.C. § 227);

(b) Whether Defendants' violated the Illinois Prizes and Gifts Act (815 ILCS 525/40);

(c) Whether Defendants' violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq.).

## COUNT I - TCPA CLAIM ON BEHALF OF PLAINTIFF AND THE CLASS

29. Plaintiff reincorporates paragraphs 1-28 into this claim.

30. The Telephone Consumer Protection Act provides for damages and injunctive relief to consumers to stop unlawful calls and an SMS text message is a call under the TCPA.

31. Defendants caused a call in the form of a SMS text message to be made to Plaintiff and the Class

32. The call sent an artificial message to Plaintiff. A SMS text message communicates the voice of the caller in written text and such voice was artificial in the subject message

33. On information and belief, the call was made using equipment that was capable of being an automated telephone dialing system. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. CCL has admitted to using equipment that has predictive dialer capacity to make calls in job postings.

34. On information and belief, the equipment used to make the subject call had the capacity to store or produce telephone numbers to be called, using a random number generator or sequential number generator and dial such numbers. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

35. The call sent was from an institutional sender and without any personalization.

36. The subject call was made for telemarketing purposes.

37. There was no reason to call Plaintiff other than for telemarketing purposes.

38. On information and belief, the phone number of Plaintiff resides in a database that can be used to generate future calls using a computer, predictive dialer, random number generator or sequential number generator and dial such numbers. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. Defendant violated 47 U.S.C. § 227(b)(1) and thus Plaintiff and the Class are entitled to damages and injunctive relief to remedy Defendants' violation of the TCPA. See *Abbas v. Selling Source, LLC*, No. 09-CV-3413 (N.D. Ill. Dec. 14, 2009).

40. The party on whose behalf a solicitation or advertisement is made is responsible for any TCPA violations, without regard to technical agency law. *Glen Ellyn Pharmacy, v. Pro-*

*mius Pharma, LLC*, No. 09 C 2116, 2009 U.S. Dist. LEXIS 83073, *7-12 (N.D. Ill. Sept. 11, 2009); *United States v Dish Network, LLC*, 2010-1 CCH Trade Cases ¶76910 (C.D.Ill. 2010); *Worsham v. Nationwide Ins. Co.*, 138 Md. App. 487, 772 A.2d 868, 878 (2001) (independent contractor status of the fax broadcaster does not shield the person on whose behalf the fax was sent from liability); *Hooters of Augusta v. Nicholson*, 245 Ga. App. 363, 537 S.E.2d 468, 472 (2000) ("[W]e conclude that an advertiser may not avoid liability under the TCPA solely on the basis that the transmission was executed by an independent contractor"); In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,FCC Release No. 95-310, CC Docket No. 92-90, 10 FCC Rcd 12391; 1995 FCC LEXIS 5179; 78 Rad. Reg. 2d (P & F) 1258 (August 7, 1995), ¶¶34-35.

## COUNT I - CLAIM UNDER ILLINOIS PRIZES AND GIFTS ACT
## ON BEHALF OF PLAINTIFF AND SUBCLASS

41.     Plaintiff reincorporates paragraphs 1-40 into this claim.

42.     Defendants sponsored a written prize offer that was sent to Plaintiff and SubClass.

43.     The subject written prize offer required payment as a condition of awarding the person a prize by requiring payment for "port charges".  See 815 ILCS 525/20.

44.     The offer did not clearly and conspicuously disclose the true name of the sponsors and the addresses of the sponsors. See 815 ILCS 525/25.

45.     The offer did not disclose that no purchase is necessary to enter such offer or any requirement or that the person must pay other charges to obtain or use a prize, including the nature and amount of the charges at the onset of the written offer. See 815 ILCS 525/25.

46.     The SMS text message representation was false, deceptive, or misleading because CCL does not offer free cruises instead it charges $59.00 or more for a cruise. 815 ILCS 525/20.

47.     Defendants caused loss to Plaintiff and the SubClass as a result of violation of the Illinois Prizes and Gifts Act and is liable under 815 ILCS 525/40(b).

## COUNT II - ICFA CLAIM ON BEHALF OF THE PLAINTIFF AND SUBCLASS

48.     Plaintiff reincorporates paragraphs 1-47 into this claim.

49.     Defendants are engaged in an unfair practice in violation of the ICFA that (1) offends public policy established by the TCPA and Prizes and Gifts Act; (2) is oppressive because Plaintiff and other consumers have no ability to prevent receiving the text messages; and (3) causes consumers substantial injury in that the "free" Bahamas trip is not free.

50.     Plaintiff and the Subclass suffered actual damages as a proximate result of Defendants' conduct and thus Defendant is liable under 815 ILCS 505/10a.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and members of the Class and SubClass, prays for the following relief:

A.      Grant class certification naming Plaintiff as Class Representative and his attorneys as Class Counsel;

B.      Enter judgment against Defendants in favor of Plaintiff and Class and SubClass for all monetary, actual, consequential, and compensatory damages caused by its unlawful conduct;

C.      Award Plaintiffs and the Class and Subclass civil penalties and/or punitive damages for violations of the above-cited statutes and law;

D.    Award Plaintiffs and the Class and Subclass reasonable costs and attorneys' fees;

E.    Enter judgment for injunctive, statutory and/or declaratory relief as is necessary to protect the interests of Plaintiffs and the Classes; and

F.    Award such other and further relief as equity and justice may require.

## NOTICE OF LIEN

**Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.**

Plaintiff, Mark Volpe

\_\_/s/\_Mark\_T.\_Lavery_____
By One of His Attorneys

Mark Lavery
733 Lee St., Suite 205
Des Plaines, IL 60016
847-813-7771
mark@laverylawfirm.com

Christopher V. Langone
207 Texas Lane
Ithaca, NY