**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK VOLPE, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 13 C 1646 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| CARIBBEAN CRUISE LINE, INC. | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff alleges that defendant sent a text message to his cellular phone that said: "Valentine's day draw, your [cell number] has been drawn to win a FREE Bahama's [sic] trip for two just call: 1-800-631-5049 winning code: LOVE." (Compl. ¶¶ 18, 20.) Plaintiff called the number, was connected to defendant's call center, and was told that there were charges associated with the "free" cruise. (*Id.* ¶ 19.) He alleges that defendant's transmission of the message violated the Telephone Consumer Protection Act ("TCPA"), the Illinois Prizes and Gifts Act ("Prizes Act") and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). Defendant asks the Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The TCPA prohibits any person from "mak[ing] any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call" without the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). Defendant contends that plaintiff's allegations regarding autodialer use and lack of consent are inadequate.

With respect to the former, plaintiff alleges the following to support his belief that the text message was generated by an autodialer: (1) defendant posted an ad for sales agents to make "[o]utbound calls (predictive dialer) to clients who filled out a form to win a free cruise"; (2) the message he received was not personalized and was sent for marketing purposes; and (3) "[n]umerous persons" reported on various websites that they had received similar messages from defendant. (*Id.* ¶¶ 10, 20, 35-36.) These allegations are sufficient, pending discovery, to suggest that the contested message was sent by an autodialer.

The issue of consent is not expressly addressed in the complaint. But plaintiff alleges that defendant has a practice of autodialing cell phones of "clients who fill[] out a form to win a free cruise" and sent a text to him that said his cell number "ha[d] been drawn" to win a free cruise. (*Id.* ¶¶ 10,18.) These allegations strongly suggest that plaintiff consented to having defendant contact him on his cell phone. But because the complaint does not conclusively establish that plaintiff consented, and this is an issue on which defendant bears the burden of proof, it is not a basis for a Rule 12(b)(6) dismissal of the TCPA claim. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (2012) ("[S]hould any question about the consent arise, the seller will bear the burden of demonstrating that a clear and conspicuous disclosure was provided and that unambiguous consent was obtained."); *Xechem, Inc. v. Bristol-*

*Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (stating that "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses," unless "plaintiff pleads [him]self out of court . . . [by] admit[ting] all the ingredients of an impenetrable defense").

Plaintiff also alleges that defendant violated the Prizes Act, which: (1) prohibits a sponsor from conditioning receipt of a prize on the payment of money; (2) prohibits a sponsor from representing that a person has won a prize unless, among other things, the prize is without obligation and the representation is not deceptive or misleading; and (3) requires a written promotional prize offer to contain, among other things, the sponsor's name and address and to disclose any charges that must be paid to obtain the prize. 815 Ill. Comp. Stat. 525/20, 25. The statute defines "prize" as "a gift, award, or other item or service of value that is offered or awarded to a participant in a real or purported contest, competition, sweepstakes, scheme, plan, or other selection process that involves an element of chance." 815 Ill. Comp. Stat. 525/10. The Prizes Act creates a private right of action for any consumer "who suffers loss by reason of any intentional violation of [the statute]." 815 Ill. Comp. Stat. 40(b).

Defendant argues that the cruise is not a prize within the meaning of the statute because the text message plaintiff received states that his phone number was selected but "makes no mention of an element of chance." (Def.'s Mot. Dismiss at 8.) In fact, the alleged message says that "your [cell phone number] has been drawn" (Compl. ¶ 18), implying that the number was randomly chosen from a large group. Thus, plaintiff has sufficiently alleged that the cruise was a "prize."

Alternatively, defendant argues that plaintiff has not alleged that he suffered a loss because of defendant's intentional violation of the statute as required for him to have standing for this claim. *See* 815 Ill. Comp. Stat. 525/40(b). The Court disagrees. Plaintiff's allegations support the

inference that defendant routinely enters into and breaches unilateral contracts with consumers in which it promises to give them free cruises if they call a specified telephone number, defendant did so with plaintiff, and thus plaintiff did not receive the promised cruise. *See Patel v. Am. Bd. of Psychiatry & Neurology, Inc.*, 975 F.2d 1312, 1314 (7th Cir. 1992) (stating that a unilateral contract is one in which "the offeror waives formal acceptance; it is enough that the offeree performs as specified in the offer; performance and acceptance merge"); *Premier Elec. Const. Co. v. LaSalle Nat. Bank*, 477 N.E.2d 1249, 1258 (Ill. App. Ct. 1984) (recognizing existence of cause of action for breach of unilateral contract). These allegations are sufficient to satisfy the elements of standing for a Prizes Act claim.

Plaintiff's last claim is that defendant violated the ICFA, which prohibits the use of unfair practices in connection with trade or commerce. 815 Ill. Comp. Stat. 505/2. Defendant argues that plaintiff is not a consumer, which the statute defines as "a[] person who purchases or contracts for the purchase of merchandise," 815 Ill. Comp. Stat. 505/1, and thus does not have statutory standing to pursue this claim. It is not clear, however, that ICFA standing is limited to consumers. *See* 815 Ill. Comp. Stat. 505/10a (conferring a private right of action on "[a]ny person who suffers actual damage as a result of [ICFA's] violation"). Moreover, even if it is, plaintiff has sufficiently alleged consumer status by asserting that defendant routinely enters into and breaches unilateral contracts with consumers for free cruises and did so with plaintiff. *See Patel*, 975 F.2d at 1314; *Premier Elec.*, 477 N.E.2d at 1256; *see also Downer's Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 546 N.E.2d 33, 40 (Ill. App. Ct. 1989) (holding that ICFA's consumer requirement is satisfied by non-consumers who allege conduct that implicates consumer protection concerns).

To state a viable ICFA claim plaintiff must allege that defendant engaged in an unfair act in commerce, it intended plaintiff to rely on the act and the act proximately caused plaintiff to suffer damages. Defendants contend that the second and third elements are lacking. The Court disagrees. Though plaintiff does not expressly allege it, defendant's intention that he rely on the allegedly misleading message can reasonably be inferred from the complaint. Further, as discussed above, the damage element is satisfied by plaintiff's allegation that he did not receive the free cruise for which he contracted.[1] Thus, defendant's motion to dismiss the ICFA claim is denied.

### Conclusion

For the reasons set forth above, the Court denies Caribbean Cruise Line, Inc.'s motion to dismiss [20].

**SO ORDERED.**                                     **ENTERED: July 16, 2013**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

[1] Because plaintiff claims defendant engaged in an unfair practice, not a deceptive one, Rule 9(b) does not apply. *See Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F. Supp. 2d 768, 779 (N.D. Ill. 2008).